UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
ENTERED

JUN 1 5 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | § |
| | § |
|     Plaintiff, | § |
| VS. | §    CIVIL ACTION NO. H-02-04261 |
| | § |
| THE REPUBLIQUE DU CONGO, ET AL., | § |
| | § |
|     Defendants. | § |

## MEMORANDUM AND ORDER

FG Hemisphere Associates, L.L.C. ("FG") has filed a Motion to Expedite Consideration of Turnover Order Relief (the "Motion"). In its Motion, FG seeks a turnover order as an additional and alternative remedy to garnishment writs (the "Writs") previously granted in this proceeding. FG seeks payment of more than $150 million, plus interest.

The Writs issued in favor of FG sought to garnish contract rights for the production of oil in the Republic of Congo (the "Congo") under the Convention for the production of oil in the Congo dated May 14, 1979 (the "Convention"). In particular, the Writs sought to garnish royalties of the Congo owed by garnishees Perenco Oil and Gas (Services) Company, CMS Nomeco Congo, Inc., The Nuevo Congo Company, and Nuevo Congo, Ltd. (collectively, the "Garnishees"). The Writs also sought to garnish the interests of Société Nationale des Pétroles du Congo ("SNPC") under the Convention. SNPC is a national oil company owned and controlled by the Congo, and the Congo agrees that it and SNPC are to be treated as one entity for purposes of this proceeding.

After the Writs were issued, FG gave notice (the "Notice") to the Garnishees that Congo's royalties should be paid in cash rather than in kind. The Congo and the Garnishees contest the effects of the Writs and of the Notice, but the Writs have not been vacated and are

not themselves subject to any pending appeal.  A collateral order appeal to the Fifth Circuit has been filed by the Congo and Garnishees as to immunity issues under the Foreign Services Immunities Act ("FSIA").

Thus far, FG has not realized any proceeds from the Writs or the Notice.  The reasons for this are disputed, but the Congo and the Garnishees argue that they were subject to the operation of Congolese law which effectively negated the Writs and will likely negate any further orders of this Court that impinge on the Congo's rights to receive royalties.

After the Writs and the Notice, developments in another federal court proceeding have caused FG concern as to its priority with respect to the same royalties that were the subject of the Writs.  Specifically, in *Af-Cap, Inc. v. The Republic of Congo*, Case No. A-01-CA-321-SS (W.D. Tex.), the court ruled that royalties of the Congo cannot be garnished under Texas law, but that they nonetheless can be made the subject of a turnover order.  Tex. Civ. Prac. & Rem. Code § 31.002.  The court in the Western District entered such an order against the Congo and the Garnishees, and in favor of Af-Cap in the amount of $13,628,340.11, requiring that royalties be paid into the registry of the Western District until Af-Cap's judgment is fully paid.

In this Court, as in the Western District, the Congo and the Garnishees maintain that neither garnishment nor a turnover order is appropriate.  FG disputes, of course, the conclusion that the royalties cannot be garnished, but is most concerned that the turnover order jeopardizes what FG believes to be its priority as to the royalty payments.  Undoubtedly, there is a conflict between the Writs issued in this case, and the turnover order issued by the Western District.

FG therefore seeks a turnover order in this proceeding in order to protects its rights.  The Court does not find it necessary to resolve the sharp differences between FG and Defendants as to the issue of whether this is an appropriate circumstance for the issuance of a turnover order.  The simple truth is that another court has issued a turnover order that, by its terms, attentuates a prior order of this Court.  Although there is no reason to believe that the Western District even knew of the existence of this proceeding, much less that it intended to diminish or countermand a prior order of this Court, FG is nonetheless entitled to redress

sufficient to protect rights that were the subject of previous adjudication, the terms of which have not been satisfied or vacated.

Accordingly, the parties are ORDERED to prepare a proposed form of turnover order that is designed to ensure that the rights of FG are not vitiated by the turnover order entered in the Western District. Specifically, the turnover order should provide, as to the royalties that are the subject of the Writs and Notice in this case, that:

1. Congo and the Garnishees shall not pay the royalties into the registry of any other court without providing 72 hours advance notice to this Court and to FG.

2. If the Congo and the Garnishees intend to pay the royalties into the registry of this Court, 72 hours advance notice shall be provided to the Western District and to parties claiming entitlement in that District.

3. If the turnover order in the Western District is vacated by appeal or otherwise, the Congo and the Garnishees are entitled to the presumption that the turnover order in this case should also be vacated.

4. If the collateral order appeals are resolved favorably to the Congo or SNPC as to the FSIA, any money or other thing of value previously deposited into the registry of this Court shall be returned to the party that delivered the same into the registry.

The parties shall submit such order within ten days or by June 24, 2005.

IT IS SO ORDERED.

SIGNED this 14 day of June, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**