UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FG HEMISHERE ASSOCIATES LLC,<br><br>    Plaintiff,<br><br>and<br><br>AF-CAP, INC.,<br>WALKER INTERNATIONAL<br>HOLDINGS LIMITED,<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH PA,<br><br>    Intervenor Plaintiffs,<br>VS.<br><br>THE RÉPUBLIQUE DU CONGO,<br><br>    Defendant,<br><br>and<br><br>CMS NOMECO INTERNATIONAL<br>CONGO HOLDINGS INC., *et al.*,<br><br>    Garnishees. | § § § § § § § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. H-02-4261 |

**MEMORANDUM AND ORDER**

Pending before the Court is Garnishees' motion to transfer this action to the United States District Court for the Western District of Texas. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 330, should be and hereby is **DENIED**.

Garnishees argue that this Court's Order of December 5, 2005, which permitted Af-Cap, Inc. ("Af-Cap") to intervene as a Plaintiff in these proceedings, created a substantial overlap between this case and a case previously filed by Af-Cap in the

1

Western District.  Thus, according to Garnishees, the Fifth Circuit's "first-to-file" rule requires this Court to transfer the instant suit to the Western District.

Garnishees are incorrect.  The Fifth Circuit has made clear that the first-to-file rule requires only that a court "prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (emphasis in original).  The *Cadle* court contrasted the first-to-file rule with the doctrine of collateral estoppel, a "backward-looking doctrine" that courts apply "to avoid relitigation of, and inconsistency with, issues *already decided* by other courts."  *Id.* (emphasis added).

Af-Cap's request for garnishment writs from the Western District has already been resolved.  (*See* Garnishees' Mot. to Transfer, Ex. LL (order denying motion for writs of garnishment).)  An appeal from that decision is currently pending before the Fifth Circuit.  (*See id.*, Ex. MM (notice of appeal).)  Thus, none of the issues raised in this case is currently pending before any other district court.  While this Court will, of course, defer to the Western District's prior resolution of any particular issue as to the parties who litigated that issue, it declines to transfer the case.  Garnishees' motion is therefore **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 23rd day of February, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**