UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| AF-CAP, INC., | § | |
| WALKER INTERNATIONAL | § | |
| HOLDINGS LIMITED, | § | |
| and | § | |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH PA, | § | |
| | § | CIVIL ACTION NO. H-02-4261 |
| Intervenor Plaintiffs, | § | |
| v. | § | |
| | § | |
| THE RÉPUBLIQUE DU CONGO, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| CMS NOMECO INTERNATIONAL | § | |
| CONGO HOLDINGS INC., *et al.*, | § | |
| | § | |
| Garnishees. | § | |

### MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Emergency Motion for Clarification of Obligations of Garnishees, Docket No. 435, and Garnishees' Motion to Vacate Order to Preserve Jurisdiction, Docket No. 437. After considering the parties' filings and the applicable law, the Court finds that Garnishees' Motion to Vacate should be and hereby is **GRANTED**. Plaintiff's Emergency Motion for Clarification of Obligations is **TERMINATED AS MOOT**.

1

The Court finds itself bound by the Fifth Circuit's view, articulated in *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351 (1978), of injunctive relief pursuant to the All Writs Act, 28 U.S.C. § 1651. *ITT* involved a district court's turn-over order requiring garnishees to pay funds into the court registry, to ensure that any judgment against the garnishees could be paid. The Fifth Circuit held that the order was not authorized under the All Writs Act, *inter alia*, and remarked that it could "think of no reason why the turn-over order was necessary to allow the district court to effectuate its subject matter jurisdiction." *Id.* at 1359. The instant case differs sharply from *ITT* in that the types of transactions for which Garnishees must currently give thirty-day notice (assignment or transfer of working interests or royalty obligations, alteration of places of incorporation, or dissolution of corporate existence), if carried out, *would* potentially destroy the Court's jurisdiction in this matter. In this respect, it appears to the Court that an order requiring Garnishees to give the thirty-day notice, in the interest of aiding and preserving the Court's jurisdiction, would fall squarely in the realm of permissible actions under the All Writs Act, as an order "to curb conduct which threatened improperly to impede or defeat the subject matter jurisdiction then being exercised by the court." *Id.*

However, the *ITT* Court further opined that the party seeking injunctive relief under the All Writs Act was also required to demonstrate "a likelihood of prevailing on the merits of both the main suit and the ancillary garnishment proceedings with respect to appellants. Such a showing is a condition precedent to injunctive relief." *Id.* at 1361

n.22.[1]  The relief sought by Plaintiff and Intervenors would be at least somewhat injunctive in effect, in that Garnishees would be restricted from freely conducting the above-described transactions for at least thirty days after providing notice.  The Court is unable to find, in light of the Fifth Circuit's recent decisions in this and a similar case, that Plaintiff and Intervenors can show a likelihood of success on the merits with respect to the remaining writs pending before the Court of Appeals.  *See FG Hemisphere Assocs. L.L.P. v. Republique du Congo*, 455 F.3d 575 (5th Cir. 2006); *Af-Cap, Inc. v. Republic of Congo*, 2006 WL 2424778 (5th Cir. Aug. 23, 2006).

The Court also finds *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981), unavailing. Plaintiff and NUFI cite to *Ruiz* for the proposition that, in order to preserve the status quo pending resolution of an appeal, a movant need not demonstrate the probability of success on the merits, but only "a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."  *Id.* at 565.  As an initial matter, the Court notes that *Ruiz* involved a stay of a district court order during the pendency of an appeal, which presents slightly different issues from those in the instant case.  *See id.* ("We find the District of Columbia Circuit's reasoning in *Holiday Tours* persuasive and hold that *on motions for stay pending appeal* the movant need not always show a 'probability' of success on the merits") (emphasis added).  Further, even if *Ruiz* does encompass the relief sought by Plaintiff and Intervenors, the Court is doubtful that those parties can demonstrate even a "substantial case on the merits when a serious legal question is

---

[1] This holding stands, of course, in clear contrast to the 11th Circuit authority cited by Plaintiff and Intervenor National Union Fire Insurance ("NUFI"), but the Court must be bound by the holdings of the Fifth Circuit.

involved," in the face of the Fifth Court's recent adverse rulings regarding writs of garnishment.

Finally, both FG Hemisphere and NUFI describe various state law doctrines that they assert are available to the Court in maintaining a thirty-day notice requirement. In the Court's view, however, it cannot apply state law remedies that would produce a result contrary to a Fifth Circuit holding: an injunctive remedy without the requisite showing of likelihood of success on the merits.

For the foregoing reasons, Garnishees' Motion to Vacate Order to Preserve Jurisdiction is hereby **GRANTED.** Plaintiff's Emergency Motion for Clarification of Obligations of Garnishees is **TERMINATED AS MOOT.** The Court's Order to Provide Notice to Preserve Jurisdiction, Docket No. 24, is hereby **VACATED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 24th day of October, 2006.

*/s/ Keith P. Ellison*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**